UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN M. DEANE,

    Plaintiff,

        v.                             CAUSE NO. 3:21-CV-315-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Stephen M. Deane, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) The court must screen the complaint to determine whether it states a claim for relief. 28 U.S.C. § 1915A. The court must bear in mind that "[a] document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Deane, a prisoner at Indiana State Prison, alleges that he suffers from chronic constipation and hemorrhoids. As a result, he has ongoing pain and digestive problems. He alleges that he had been complaining about these problems since January 2021 to Dr. Nancy Marthakis, a physician at ISP. He claims that after waiting to see Dr. Marthakis for several weeks, she wouldn't address these issues because his appointment was limited to addressing a foot problem. She told him to put in a health care request. He claims that he has made numerous such requests, but has only been seen by Nurse Practitioner Diane Thews, who gave him suppositories and fiber supplements. He claims he has used these medications for several weeks without improvement.

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id*. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health, 940 F.3d at 965 (citation and internal quotation marks omitted). At the same time, a prisoner isn't required to show that he was "literally ignored" to establish deliberate indifference. Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." Goodloe v. Sood, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). A "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." Arnett v. Webster, 658 F.3d 742, 754 (7th Cir. 2011). Thus, "a doctor's choice of the easier and less efficacious treatment for an objectively

2

serious medical condition" can amount to deliberate indifference. Berry v. Peterman, 604 F.3d at 441.

Giving Mr. Deane the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim for monetary damages against Dr. Marthakis and Nurse Practitioner Thews for not adequately addressing his chronic constipation and hemorrhoids. His complaint can also be read to seek injunctive relief related to his ongoing need for medical care, and Warden Ron Neal has both the authority and the responsibility to ensure that inmates at ISP are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Deane will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical care.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis and Nurse Practitioner Diane Thews in their personal capacity for monetary damages for failing to provide adequate medical treatment for his constipation and hemorrhoids from January 2021 to the present in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity on an Eighth Amendment claim to obtain injunctive relief in the form of medical care needed to address his constipation and hemorrhoids;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve

3

process on) Dr. Nancy Marthakis and Nurse Practitioner Diane Thews at Wexford of Indiana, LLC, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal at Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Warden Ron Neal, Dr. Nancy Marthakis, and Nurse Practitioner Diane Thews to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT